**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE MIGUEL GUTIERREZ,

Petitioner-Appellant,

v.

BRIAN E. WILLIAMS and STATE OF
NEVADA,

Respondents-Appellees.

No.    16-15704

D.C. No.
2:10-cv-00109-JCM-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 12, 2018
San Francisco, California

Before:  WATFORD and FRIEDLAND, Circuit Judges, and FEINERMAN,[**]
District Judge.

The district court properly denied Jose Gutierrez's petition for a writ of

habeas corpus.  The Nevada Supreme Court determined that Gutierrez entered his

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Gary Feinerman, United States District Judge for the
Northern District of Illinois, sitting by designation.

plea knowingly, intelligently, and voluntarily, and it rejected Gutierrez's ineffective assistance of counsel claim. Those decisions are not contrary to, or based on an unreasonable application of, clearly established federal law, nor are they based on unreasonable factual determinations. *See* 28 U.S.C. § 2254(d).

**1.** Gutierrez's first claim, that his plea was not knowing and voluntary, fails. The state court reasonably determined that Gutierrez's plea was knowing and voluntary because the penalties discussed at the arraignment were "consistent" with the written agreement's description of possible penalties. Although defense counsel misstated Gutierrez's eligibility for probation as to Count II at the arraignment, the hearing transcript indicates that Gutierrez understood he faced a sentence of at least ten years' imprisonment based on Count I. Under the terms of the written agreement, which clarified that probation was not available, Gutierrez faced precisely the same minimum sentence. The trial court could have imposed a sentence of less than ten years on Count II and ordered that sentence to run concurrently with the mandatory minimum sentence under Count I. In practice, such a sentence would be indistinguishable from the sentence Gutierrez believed was available to him at the arraignment: ten years on Count I and probation on Count II. Accordingly, the state court's factual conclusion that the discussed sentences were "consistent" is objectively reasonable.

Gutierrez's claim that his plea was not knowing and voluntary because he was promised concurrent sentences is unavailing as well. The Nevada Supreme Court resolved Gutierrez's voluntariness claim without explicitly discussing this argument, but an independent review of the record supports the state court's decision. *See Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). The presentence investigation report recommended consecutive sentences, and a translator went through the report with Gutierrez to ensure he understood it. At the sentencing hearing, Gutierrez's counsel urged the court to deviate from that recommendation but stated that Gutierrez had been advised that the court had discretion to impose consecutive sentences. And Gutierrez acknowledged that his sentence was in the trial judge's hands. These exchanges admittedly occurred after Gutierrez entered his guilty plea. But the fact that Gutierrez never objected to the prospect of consecutive sentences contradicts his assertion that he believed he was guaranteed concurrent sentences.

The record also supports the conclusion that Gutierrez understood the elements of the offenses to which he pleaded guilty. At the arraignment, the trial court discussed the nature of the charges, and Gutierrez admitted that he had been caught in possession of methamphetamine in quantities that violated Nev. Rev. Stat. § 453.3385(1)(b) and (c). Defense counsel also represented that he had

discussed the charges with Gutierrez at length. Faced with this record, the state court reasonably determined that Gutierrez's plea was knowing and voluntary.

Finally, we are not persuaded that the lack of a written plea agreement at the time Gutierrez pleaded guilty rendered his plea involuntary. Although state law requires such a written plea agreement, Gutierrez has cited no federal authority imposing a similar requirement. Therefore, this argument cannot serve as an independent basis for habeas relief. *See* 28 U.S.C. § 2254(a) (specifying that a federal court can entertain habeas petitions "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States").

**2.** The state court's denial of Gutierrez's ineffective assistance of counsel claim was not an unreasonable application of federal law or based on unreasonable factual determinations. Even assuming defense counsel's performance was deficient, Gutierrez must show that there is a reasonable probability that but for counsel's errors he would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). He has not done so. As explained above, the record belies Gutierrez's argument that his plea was involuntary. And had Gutierrez proceeded to trial, he would have faced seven drug-related charges, four of which could have resulted in life sentences with the possibility of parole. Gutierrez has not

established that there is a reasonable probability that he would have taken such a risk.

**AFFIRMED.**